37855. MARTIN *v.* SIMMONS, Clerk.

CARLISLE, Judge. The record as transmitted to this court is so incomplete as to make it virtually impossible to ascertain what happened in the trial court. However, when considered in connection with the averments contained in the bill of exceptions, it appears that the clerk of the superior court asserted a claim to an award of a jury in favor of the condemnee in a condemnation proceeding on account of certain costs owed to him by the condemnee, that a judge of the superior court entered an order appointing the counsel for the clerk and the counsel for the condemnee as officers of the court to examine the dockets of the clerk in the clerk's office to ascertain the correctness of the clerk's claim, that, thereafter the attorneys reported to the court verifying the amount of the clerk's claim, and a judgment was entered in favor of the clerk and against the condemnee for the amount thus found to be due. This judgment was dated February 17, 1959. Thereafter, counsel for the condemnee made a motion to set aside that judgment, which motion is not a part of the record transmitted to this court, and on May 1, 1959, a Judge of the

Superior Court of Fulton County signed an order denying that motion. No exception was taken to that order, but thereafter on June 5, 1959, a Judge of the Superior Court of Fulton County, in response to a motion filed by the clerk, entered an order directing that the clerk transfer the sum awarded him in the judgment of February 17th from himself as trustee for the condemnee to himself as clerk of the superior court. It is to this latter order that the plaintiff in error excepts. The final judgment against the plaintiff was the order dated May 1, 1959, denying her motion to set aside the judgment of February 17, 1959. That order was unexcepted to, and is not assigned as error in the present bill of exceptions. The mere entry by the trial court of an administrative order permitting the clerk to transfer the funds which had been awarded him by previous judgment did not have the effect of extending the time within which the plaintiff in error could file her bill of exceptions to the final judgment of the court. Accordingly, no final judgment is excepted to, and for this reason this court does not have jurisdiction of the case. Code (Ann.) § 6-902.

*Writ of error dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 9, 1959.

Esther Ann Lyon Martin, *pro se.*
*Harold Sheats, Martin H. Peabody,* contra.